<span style="color:red">**FILED**
**JULY 2, 2019**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**</span>

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36646-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DAVID WILLIAM BROWN, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — David Brown appeals his sentence after his conviction for possession of a controlled substance, methamphetamine, with intent to deliver. He argues he received ineffective assistance of counsel because his attorney failed to request a drug offender sentencing alternative (DOSA). We determine that Brown cannot establish a reasonable probability that the trial court would have granted a DOSA and affirm.

FACTS

Police served a search warrant at Brown's residence for suspected drug activity. Detective Kenny Lutz detained Brown and read him his *Miranda*[1] rights. Brown waived his rights and spoke with Detective Lutz. Brown confessed to Detective Lutz that he was getting methamphetamine from a few people and only "middle-manning"—just dealing to some of his friends to help them out. Report of Proceedings (RP) at 154. Brown told Detective Lutz that the police would find scales and methamphetamine in "baggies" and explained where those items were located in his home. Brown said most of his deals were in smaller gram amounts. The search of Brown's home revealed one baggie with one gram of methamphetamine, less than one-tenth of one gram of methamphetamine on a scale plate, and more than 20 small baggies, which did not contain methamphetamine.

Detective Lutz also executed a search warrant on Brown's cell phone. Detective Lutz uncovered many text messages to and from Brown that evidenced he was dealing methamphetamine. There was a message about selling an "eight ball," or 3.5 grams of methamphetamine. RP at 165. There were messages from Brown about the price for two ounces of methamphetamine. Detective Lutz testified that two ounces of methamphetamine is much more than a "personal use" amount. RP at 170-71.

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Brown was charged with possession of a controlled substance, methamphetamine, with intent to deliver, together with a school bus route stop enhancement. Brown proceeded to trial, and a jury found him guilty.

The court subsequently sentenced Brown. The standard range was 36 to 44 months with the school bus route stop enhancement. The State recommended a sentence of 40 months because of Brown's history of dealing methamphetamine evidenced through the text messages. The State acknowledged that Brown had no felony criminal history and only a driving under the influence of intoxicating alcohol or drugs in Nevada in 2001. Brown's counsel asked for an exceptional downward departure from the sentencing range because Brown was older, he had no prior felony criminal history, and he cooperated fully with law enforcement, which in turn weighed heavily against him at trial. The court sentenced Brown to 36 months, the low end of the standard range sentence.

Brown timely appealed to this court.

## ANALYSIS

### INEFFECTIVE ASSISTANCE OF COUNSEL

Brown contends he received ineffective assistance of counsel because his trial counsel failed to request a DOSA sentence. We disagree.

To protect a defendant's right to counsel, a defendant has the right to receive effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). An allegation of ineffective assistance of counsel is a mixed question of law and fact that we review de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009) To determine whether counsel provided effective assistance, we apply a two-pronged test: (1) whether counsel's performance was deficient and (2) whether that deficient performance prejudiced the defendant to an extent that changed the result of the trial. *Strickland*, 466 U.S. at 687. We can address the second prong initially "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice." *Id.* at 697.

To show prejudice, the defendant must show that without the errors, there is a "reasonable probability" that the result of the proceeding would have been different. *Id.* at 694. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Id.*

Even if Brown's counsel requested a DOSA sentence, we are not convinced there was a "reasonable probability" that the court would have granted his request. A trial court has the discretion to grant a DOSA sentence if the defendant meets *all* of the statutory criteria. RCW 9.94A.660. Under RCW 9.94A.660:

4

(1)  An offender is eligible for the special drug offender sentencing alternative if:

(a)  The offender is convicted of a felony that is not a violent offense or sex offense and the violation does not involve a sentence enhancement under RCW 9.94A.533(3) or (4);

(b)  The offender is convicted of a felony that is not a felony driving while under the influence of intoxicating liquor or any drug under RCW 46.61.502(6) or felony physical control of a vehicle while under the influence of intoxicating liquor or any drug under RCW 46.61.504(6);

(c)  The offender has no current or prior convictions for a sex offense at any time or violent offense within ten years before conviction of the current offense, in this state, another state, or the United States;

(d)  For a violation of the Uniform Controlled Substances Act under chapter 69.50 RCW or a criminal solicitation to commit such a violation under chapter 9A.28 RCW, the offense involved only a small quantity of the particular controlled substance as determined by the judge upon consideration of such factors as the weight, purity, packaging, sale price, and street value of the controlled substance;

(e)  The offender has not been found by the United States attorney general to be subject to a deportation detainer or order and does not become subject to a deportation order during the period of the sentence;

(f)  The end of the standard sentence range for the current offense is greater than one year; and

(g)  The offender has not received a drug offender sentencing alternative more than once in the prior ten years before the current offense.

Although Brown may have met most the criteria, he does not meet subsection (1)(d).  Brown argues that the only methamphetamine found in his home was one gram in one baggie and less than one-tenth of one gram on a scale, which constitutes a small amount.  This may be true, but Brown was convicted for possession with intent to deliver, not mere possession.  There was substantial evidence that he engaged in many drug deals.

Detective Lutz uncovered messages that indicated Brown was selling as much as two ounces of methamphetamine per transaction—much more than a "personal use" amount. Therefore, Brown would not meet the criteria for a DOSA sentence because the offense did not involve a small quantity. RCW 9.94A.660(1)(d). And a trial court has discretion to grant a DOSA sentence only if the defendant meets *all* the criteria. RCW 9.94A.660(1).

Moreover, the trial court seemed dissatisfied with Brown's level of involvement, personal knowledge, and sophistication of methamphetamine dealing.

> You know, what struck me kind of just as dicta to the case and maybe part of the sentencing is that you're highly sophisticated in the language and the art of methamphetamine dealing. From the testimony that I heard listening to some of the different transactions that were occurring around you, with you, talking about gas, talking about full tanks, talking about all sorts of— and—and I think one of your comments to one of the people that was looking for some dope is an eight—something about an eight ball is what I remember and you said don't talk any more like that to me. I mean so you were very sophisticated in the evidence that I heard about the—the art of— of methamphetamine dealing.

RP at 233-34. With this insight into the trial court's considerations, we are not convinced that even if requested, the trial court would have granted Brown's DOSA request.

Because Brown cannot show with a reasonable probability that the trial court would have granted his DOSA request if his counsel requested it, Brown cannot establish that he received ineffective assistance of counsel.

6

No. 36646-4-III
*State v. Brown*

Brown requests waiver of appellate costs if he does not prevail. The State has agreed not to request appellate costs. None are imposed.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Korsmo, J.

Pennell, J.